In the Matter of the Claim of BESSIE SILVERMAN, Respondent, against SAM RALPH CONSTRUCTION Co. et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal from an award of death benefits made by the Workmen's Compensation Board to the widow of a deceased employee. Decedent was a bricklayer. In the early part of August, 1952, he had occasion to cement the cornice of a building with a mixture of lime, water and cement. He worked with his arms outstretched and the mixture came into contact not only with his hands, but ran down on to his shoulders, forearms and body. Shortly thereafter he was found to be suffering from dermatitis venenata in a rather acute form over most of his body. Along with other treatment and medication claimant was given doses of cortisone and ACTH. In December of 1952 he was found to be suffering from a massive gastro-intestinal hemorrhage, and he died after an unsuccessful attempt was made to halt the hemorrhage by surgery: There is respectable medical testimony in the record that decedent's death from the gastro-intestinal condition was the result of the cortisone and ACTH treatments he had been subjected to in an attempt to relieve his dermatitic condition. The board found, inter alia, that decedent became disabled as the result of an occupational disease on August 14, 1952, which consequentially led to his death on December 10, 1952. Appellants raise no issue as to causal relation, but contend that the claim for death benefits was barred under section 40 of the Workmen's Compensation Law because the disease was not contracted within 12 months previous to the date of disablement. The record contains evidence that decedent exhibited symptoms of dermatitis as far back as 1941, which was attributed to his work as a bricklayer; and the recurrence of this malady from time to time between 1941 and 1948. But there is also evidence that when he ceased to work as a bricklayer his skin condition cleared up, and when he again resumed contact with cement the condition would flare up again. All this points to the obvious and indisputable conclusion that decedent had a sensitivity or allergy to preparations

of lime or cement, and it also leads to the logical conclusion that each attack was a separate and independent episode. The sensitivity was there at all times but no physical disease or impairment resulted until a contact with lime or cement was made. This is quite different from the contraction of an occupational disease which carries with it permanent effects that are never shaken off and usually increase in severity. On the basis of this reasoning it was immaterial that decedent had suffered from dermatitis before. But aside from the foregoing there is evidence that decedent's contact which caused his last attack was much greater and of more massive proportions than he had been subjected to theretofore. The extent of the dermatitis over most of the skin of his entire body reflects this fact. As one physician testified, where the attacks previously had been localized the last dermatological condition was generalized. Thus on either score there was substantial support for the board's finding that decedent's affliction, and which led to his death, was contracted within the 12 months previous to the date of disablement. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.